IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ZMN, by and through
LAWANDA WOODALL, Next Friend                                          PLAINTIFF(S)

V.                                                    CIVIL ACTION NO. 4:19-cv-1-DMB-DAS

COMMISSIONER OF SOCIAL SECURITY                                       DEFENDANT(S)

## REPORT AND RECOMMENDATION

This matter is before the court on the defendant's motion to dismiss. The *pro se* plaintiff responded and the defendant replied. The court has considered the motions, briefs, and exhibits and recommends that the defendant's motion be granted and the complaint dismissed.

### *1. Factual Background*

The defendant has moved to dismiss this action arguing the plaintiff failed to file the complaint within the statutory time allotted. The plaintiff argues that the motion to dismiss should be denied, claiming the complaint was timely filed. On October 24, 2018, the Appeals Council denied the plaintiff's request for review. The plaintiff had sixty days to appeal the final decision, plus five days for mailing, or until December 28, 2019. This action was not filed until January 2, 2019.

The plaintiff has submitted an affidavit claiming that the Appeals Council decision was not mailed October 27, 2019, a Saturday, but she has not submitted the envelope to prove this date of mailing. She claims, by affidavit, but without other proof that the decision was received on November 1, 2018. She argues she then had sixty days from the date of the alleged actual receipt or until December 31, 2018, in which to file her complaint.

1

## 2. Analysis

As shown by the documents produced by the defendant, this appeal was filed out of time. The plaintiff is provided with sixty days from the date of receipt of the Appeals Council's decision in which to file an appeal with the appropriate federal court. By regulation, it is presumed that the Secretary's decision will be received by the plaintiff within five days of the date of the decision. Even if the plaintiff's affidavit about the date of mailing and about the date of her receipt are accepted as sufficient to overcome the presumption of receipt within five days, the complaint is nevertheless untimely. Contrary to her assertion in the response to the motion to dismiss, December 31, 2018 did not fall on the weekend, nor was it a legal holiday, either of which would have pushed back the filing deadline. Therefore, even by the plaintiff's calculation, the last date to file the complaint was December 31, 2018, but this action was not filed until January 2, 2019.

The United States, as a sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). When it consents to be sued, it must be sued in accordance with the terms of its consent. *Id.* In this case the plaintiff has not complied with those terms. Because of the unilateral error by the plaintiff, the action was not timely filed.

The circumstances in this case do not make equitable tolling appropriate. However regrettable the error may be, the plaintiff's error does not provide a basis for this court to extend the deadline for filing. Courts may toll the sixty-day period only "where the equities in favor of tolling…are so great that deference to the agency's judgment is inappropriate." *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976). This is not a case where the agency misled the plaintiff, where amendments to the Act caused confusion, or where the plaintiff suffered from

limitations that prevented a timely filing of the appeal. 20 C.F.R. § 416.1411(a)(1)-(4). There is no basis for applying the doctrine of equitable tolling to prevent dismissal.

### *3. Conclusion*

Because this appeal was not timely filed and because equitable tolling is not applicable to save the untimely appeal, the undersigned recommends that the motion to dismiss be granted.

The plaintiff is referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any plaintiff desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. By way of filing objections, the plaintiff may show cause, if any he can, why the action should not be dismissed, as recommended, and why sanctions should not be imposed as recommended above.

Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of

this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

 This the 13th day of May, 2019.

              /s/ David A. Sanders
              UNITED STATES MAGISTRATE JUDGE